## LOWER *v.* WALTERS.

1. VENDOR AND PURCHASER—RESCISSION—MERCHANTABLE TITLE.
   In a suit by the vendee for the rescission of a contract for the purchase of a farm, his claim that the vendors did not have a merchantable title, *held*, not supported by the record, which shows releases secured by the vendors from every one interested in the premises and also a decree in their favor in a suit to quiet title.[1]

2. SAME—FRAUD—NOXIOUS WEEDS.
   Vendee's claim that the vendors fraudulently represented that there were no Canada thistles on the farm sold, *held*, not sustained by the record.[2]

Appeal from St. Joseph; Collingwood (Charles B.), J., presiding.    Submitted January 6, 1925.    (Docket No. 24.)    Decided April 3, 1925.

Bill by Wilbert N. Lower against Frank Walters and another for the rescission of a land contract.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

[1]Vendor and Purchaser, 39 Cyc. p. 1437; [2]Id., 39 Cyc. p. 1437.

*Theo. T. Jacobs* and *J. Paul Wait,* for plaintiff.

*Roy H. Hagerman,* for defendants.

FELLOWS, J.   On August 3, 1920, plaintiff, as vendee, and defendants, as vendors, entered into a contract for the purchase and sale of a farm in Sherman township, St. Joseph county, for $7,200; $500 in cash was paid on the execution of the contract, and $1,000 in government bonds was paid September 3, 1920; $1,100 was to be paid in government bonds and $400 in cash March 1, 1921, and a mortgage was then to be given for the balance of the purchase price.   These payments were not made nor was the mortgage given.   This suit was instituted March 25, 1922.   It is stated by the trial judge in his opinion that the original bill asked for specific performance, and the amended bill for rescission.   In one paragraph in the bill, as it appears in the printed record, specific performance is asked but the case as presented in the trial court and here is one for rescission, written notice of rescission having been given March 18, 1922. Plaintiff claims that he was induced to enter the contract by fraudulent representations made by defendant Frank Walters, the fraud alleged being (1) that defendant Frank Walters represented that defendants had a good title to the premises, a merchantable title, and (2) that he also represented that there were no Canada thistles on the farm, and that both representations were false.

1. Defendants acquired title to the farm in question from the father of Frank before his death.   The deed to them contained the following clause:

"It is hereby agreed that in case of the death of Frank Walters without child or children, first party shall be paid $2,000.00 by the holder of title of said lands and this agreement shall be a lien on said lands for the fulfillment of said agreement."

This deed was used to get the description from,

when the contract was drawn, and this clause was then discussed. While not as clear as might be made, it is to be inferred from the record that defendants had been advised that this defect could be removed by having the lien discharged from the land in question and transferred to other lands owned by them and that this was done. An examination of the abstract which was offered in evidence in the court below and which has been returned is confirmatory of this inference. So far as disclosed by this record or by any present claim of counsel, every one interested in this lien released it from the land in question. Plaintiff's attorney, however, did not approve the title after these various releases were recorded and a suit to quiet title was instituted and carried to a decree by defendants. The decree in that case has also been returned. The trial judge found in his decree in the instant case that defendants had a merchantable title and tendered an abstract showing a merchantable title, and we can not upon this record say that he was wrong. So far as we have been able to ascertain from the abstract, defendants after the filing of the releases had a merchantable title to convey and plaintiff's counsel has failed to point out wherein the releases, or any of them, were not sufficient. It is claimed that plaintiff was not made a party to the suit brought to quiet title but no attempt is made to show wherein the decree in that case was wrong or that the title is now in fact defective. Plaintiff's counsel invoke *Potter v. Ranlett,* 116 Mich. 454. That case but recognizes the rule that one who is not made a party is not bound by the decree, that the decree is not *res adjudicata* of his rights and the court in that case examined the question of whether the trustees had power to convey and held they did not, and, therefore, could not convey a merchantable title. The decree here in the suit brought to quiet title bound all those who were parties, and they were numerous, and so far as we are able

to discover included every one who might have an interest in the premises except the plaintiff. It was not *res adjudicata* as to him. But he has pointed out no defect which has not been cured. So far as we are able to ascertain defendants had a merchantable title long before plaintiff undertook to rescind the contract.

2. Plaintiff went over the farm twice in the summer time and fully examined it before he entered into the contract. He testifies he saw no Canada thistles on either trip. He moved on the farm in October and claims that he did not discover them until the following spring. He claims he then discovered numerous patches of them varying in size. Defendant denies that he represented that there were none on the farm, and claims there were Canada thistles in but three places, one in the woods, and two small patches on the lowland and that when he left the farm there were no Canada thistles on the work land. It seems quite incredible that these noxious weeds were on this farm in any considerable quantity when plaintiff examined the farm and made the deal. There is quite credible testimony that since plaintiff has been running the place he has allowed the weeds to grow and spread over many portions of the farm. The testimony is practically undisputed that farm values in that locality have slumped from 25 to 40 per cent. We are quite satisfied that this had as much to do with the attempted rescission of this contract as did the Canada thistles or the claimed defect in the title. The trial judge, who heard and saw the witnesses, reached the conclusion that plaintiff had not made out his case and dismissed his bill. We find no occasion to disturb his conclusion. The decree will be affirmed, with costs of this court.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.